HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE DE LEON EVARISTO,<br><br>Defendant. | No. CR21-151-RAJ<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Katherine de Leon Evaristo, through counsel, presents this sentencing memorandum in support of the joint recommendation that Ms. Evaristo be placed on 24 months of probation.

I.  **BACKGROUND**

Katherine Evaristo is before this court facing her first criminal conviction. The most punitive aspect of her situation is that this particular conviction is not some misdemeanor offense charged in a local court. The conviction is not one that would be vacated, or expunged, after a certain period following the conclusion of probation. Rather, this federal felony conviction will be on Ms. Evaristo's record forever (absent a presidential pardon). For many first time offenders of non-violent offenses, this in itself amounts to sufficient punishment. With the loss of her career in public service, together with the functional equivalent of an $8,500 fine (in the form of forfeited

SENTENCING MEMORANDUM
(*USA v. de Leon Evaristo* / CR21-151-RAJ) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

assets), a probationary sentence is appropriate and consistent with the Guideline commentary that affords alternatives to confinement for those who fall within Zone B.

Ms. Evaristo has experienced trauma and hardship throughout her life. Starting with her childhood, she experienced being sexually abused by her older brother. She also experienced the tragedy of her brother's death that naturally created a personal conflict. After her brother's death, Ms. Evaristo chose to forgive her brother for the abuse instead of viewing him as a bad person. This tells us that Ms. Evaristo is a woman who has compassion and empathy for others, notwithstanding the trauma she has personally experienced.

Born into what Ms. Evaristo described as a very traditional family, there was pressure for Ms. Evaristo to get married at a young age. As the pre-sentence report notes, Ms. Evaristo's first marriage was physically abusive. The repeated physical abuse not only ruined the marriage, but also caused Ms. Evaristo to distrust men in general—which should not be surprising given the experiences she also had with her brother. Additionally, the pressures Ms. Evaristo faced from her own family to be married caused her a lot of stress. In her family environment, it was practically a sin to be a single woman after a certain age. Hence, the pressure to marry Mr. I.M.

True, there was a financial component to this arrangement with I.M. As stipulated in the plea agreement, there was an offer of $20,000 to enter into the marriage. It certainly is easy to conclude that Ms. Evaristo was motivated by the financial incentive. However, it is important not to forget that Ms. Evaristo and I.M. were also friends. They had known each other since they were children. So, there is also an element with this case of helping an old friend out in a time of need. In other words, Ms. Evaristo would never have agreed to this arrangement had she not known her prospective spouse. Furthermore, Ms. Evaristo never personally received the full $20,000 that was originally offered. The record is also not clear about how much

SENTENCING MEMORANDUM
(*USA v. de Leon Evaristo* / CR21-151-RAJ) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

money exactly was exchanged as part of this scheme. As a result, the parties agreed to settle the forfeiture matter with $8,500 being subject to forfeiture. In all, the harm caused by Ms. Evaristo's offense appears to be negligible.

Filed in conjunction with this sentencing memorandum is a psychological report that hopefully will assist this court in understanding the challenges that Ms. Evaristo has faced over the years. See SEALED exhibit. Ms. Evaristo survived sexual abuse when she was a child. She survived the physical abuse during her first marriage. Now, she is trying hard to survive the stress associated with the instant case all while being a single mother caring for infant twins. Given Ms. Evaristo's full compliance with her pre-trial services conditions, this court should feel satisfied that she would similarly comply with all conditions of her probation over the next 24 months.

## II. THE SENTENCING GUIDELINES

The defense agrees that the correct base offense level is 11. The only other Guideline application is a 2 level reduction for acceptance of responsibility resulting in a total offense level of 9. With a criminal history category of I, the advisory guideline range is 4 to 10 months. However, because Ms. Evaristo falls within Zone B, alternative confinement and a sentence of probation are appropriate. Accordingly, the joint recommendation of 24 months of probations is supported by the Guidelines.

## III. THE SECTION 3553(A) FACTORS

### A. The nature and circumstances of the offense

The instant offense involved two people, who had known each other since childhood, consent to a marriage for the purpose of receiving immigration benefits. That, however, is not really the crime. People are free to marry for reasons other than love, such as marrying someone for their money or for other socio-economic status. The crime at hand is the false statements made on the immigration forms attesting that the marriage "was not for the purpose of procuring an immigration benefit." In other

SENTENCING MEMORANDUM
(*USA v. de Leon Evaristo* / CR21-151-RAJ) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

words, the instant offense is akin to making a false statement under the penalty of perjury. Had Ms. Evaristo and I.M. admitted on the government forms that the purpose of the marriage was for I.M., to get his green card, there would be no crime because there would be no false statement.

The nature and circumstances of the offense resulted in no harm or damage to anyone. There are no victims. There is no restitution. Moreover, neither I.M. nor Ms. Evaristo present a threat to national security. They entered into a consensual relationship, or agreement, without being honest to immigration officials when asked about the purpose of their marriage. While there is no dispute that false statements in this capacity are illegal at a felony level, a sentence of imprisonment would not be appropriate given the nature and circumstances of this particular offense. See 28 U.S.C. § 994(j) noting "the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense . . ."

### B. The need to avoid disparate treatment

What remains puzzling about this case is that the government charged Ms. Evaristo with conspiracy, but chose not to charge I.M. with conspiracy or any other crime. The government chose not to charge I.M. with any crime even though the indictment clearly identifies him as a co-conspirator, not to mention that he was a willing participant in the marriage. For this reason alone, a sentence of probation would serve the Section 3553(a) goal to avoid disparate treatment.

### C. The history and characteristics of Ms. Evaristo and the need to afford correctional treatment in the most effective manner.

There should be no dispute that Ms. Evaristo poses no community threat. True, she worked in law enforcement for most of her career and there is always a concern when a law enforcement officer violates the law. However, in this instance, Ms.

SENTENCING MEMORANDUM
(*USA v. de Leon Evaristo* / CR21-151-RAJ) - 4

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Evaristo's spotless record together with the fact of there being no identifiable harm caused by the marriage should convince this court that Ms. Evaristo does not pose a risk of reoffending. Similarly, the fact that Ms. Evaristo has maintained full compliance with pre-trial services should serve as a reliable prediction that she will also perform well on probation.

The parties jointly agree that Ms. Evaristo now needs to focus on being a good mother to her infant twin girls. She will of course focus on her mental health counseling while she works her way out of bankruptcy, as a single mother, and ideally into a new career that she will enjoy. The letters of support demonstrate that Ms. Evaristo is a kind and generous person who will do what she can to help others. As we know from this case, Ms. Evaristo offered to help her childhood friend get his U.S. citizenship. Unfortunately, this resulted in Ms. Evaristo's first criminal conviction. We can be sure, going forward, that Ms. Evaristo will not repeat a mistake like the one that landed her before this court. For these reasons, this court should follow the joint recommendation of the parties.

DATED this 12th day of September 2022.

Respectfully submitted,

s/ *Jesse Cantor*
Assistant Federal Public Defender
Attorney for Katherine de Leon Evaristo

SENTENCING MEMORANDUM
(*USA v. de Leon Evaristo* / CR21-151-RAJ) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**